UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SEAN C. WITMER,

Plaintiff,

v.

GREATER LAKES MENTAL HEALTHCARE,

Defendant.

CASE NO. C15-5039 BHS

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE

This matter comes before the Court on Plaintiff Sean C. Witmer's ("Witmer") motion to strike affirmative defenses and demand for attorney's fees (Dkt. 22). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On January 21, 2015, Witmer filed a complaint against Defendant Greater Lakes Mental Healthcare ("Greater Lakes"). Dkt. 1. On April 30, 2015, Greater Lakes filed an Answer asserting an affirmative defense and requesting relief from the Court, including attorney's fees and costs. Dkt. 12.

On July 30, 2015, Witmer filed the instant motion requesting that the Court strike the affirmative defense and the request for attorney's fees and costs. Dkt. 22. On August 6, 2015, Greater Lakes filed an amended answer asserting numerous affirmative defenses and also requesting fees and costs. Dkt. 24. On August 10, 2015, Greater Lakes responded. Dkt. 27. Witmer did not reply.

## II. DISCUSSION

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purposes of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fogerty*, 984 F.2d at 1527. A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id*.

While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. *See Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, once an affirmative defense has been properly pled, a motion to strike which alleges the legal insufficiency of an affirmative defense will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *See William Z. Salcer,*

*Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citing *Durham Indus., Inc. v. North River Insur. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979))

In this case, Witmer has failed to meet his burden to show to a certainty that he will prevail under any set of facts in support of Greater Lakes' affirmative defenses. In fact, Witmer's arguments go to the merits of the defenses based on his view of the facts. As Greater Lakes points out, it is simply too early in the proceeding to determine the merits of any claim or defense. Therefore, the Court denies Witmer's motion as to any affirmative defense.

With regard to alternate theories of defense, Greater Lakes argues that alternative theories are allowed in pleadings. The Court agrees. Therefore, the Court denies Witmer's motion to strike Greater Lakes' alternative theories.

Finally, with regard to attorney's fees and costs, it is also too early to litigate this requested relief. While Witmer is correct that courts generally would not award a defendant fees and costs against a party proceeding *in forma pauperis* and pro se, the Court is unable to categorically deny the requested relief at this point of the proceeding. Therefore, the Court denies Witmer's motion on this issue as well.

## III. ORDER

Therefore, it is hereby **ORDERED** that Witmer's motion to strike affirmative defenses and demand for attorney's fees (Dkt. 22) is **DENIED**.

Dated this 1st day of September, 2015.

BENJAMIN H. SETTLE
United States District Judge